IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED
00 NOV 22 AM 10: 39
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN PR

UNITED STATES OF AMERICA

Plaintiffs

v.

PUERTO RICO ELECTRIC POWER AUTHORITY

Defendant

CIVIL 93-2527 (CCC)

v.

COMUNIDADES UNIDAS CONTRA LA CONTAMINACIÓN,

Intervenor

---

MAGISTRATE'S REPORT AND RECOMMENDATION

BACKGROUND

The United States sued the Puerto Rico Electric Authority (PREPA) on October 27, 1993 (Docket No. 1), alleging a myriad of violations to the Clean Air Act (CAA), 42 U.S.C. § 7410, the National Pollutant Discharge Elimination System (NPDES) requirements under the Clean Water Act (CWA), 33 U.S.C. §§ 1311, 1321, 1342, the Comprehensive Environmental Response and Liability Act of 1980 (CERCLA), 42 U.S.C. § 9603, the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6991(b), and the Emergency

205

Planning Right to Know Act of 1986 (EPCRTKA), 42 U.S.C. §§ 11004, 11022, at its four power plants located in San Juan, Salinas, Guayanilla and Palo Seco.

After several years of negotiations between the United States and PREPA, Comunidades Unidas Contra la Contaminación (CUCCo) was allowed to intervene as plaintiff on August 19, 1996 (Docket No. 76), filing the complaint of intervention on September 27, 1996. (Docket No. 77.) On January 10, 1997, the United States filed a motion to lodge a proposed Consent Decree. (Docket No. 87.) After serving a public comment process established by the United States Department of Justice, a revised Consent Decree was entered as a final judgment on March 16, 1999. (Docket No. 143.)

On March 31, 1999, intervenor CUCCo filed a motion requesting the award of attorney's and expert's fees. (Docket No. 145.) In such motion, CUCCo alleged that it was "a prevailing party because they played a catalytic role in obtaining significant improvements to the Consent Decree filed with the Court" and therefore were allowed to recover attorney's fees. (Docket No. 145, at 3.) The intervenor specifically sought the fees award under the CWA, 33 U.S.C. § 1365(d) (Supp. 2000), since the "prevailing" status derived from their comments regarding the NPDES of the CWA and the eventual changes to the final Consent Decree concerning those issues.

PREPA opposed the intervenor's request for fees (Docket No. 149) arguing that the environmental statute under which the intervenor requests attorney's and expert's fees does

not provide for such fees for intervenors. PREPA also argued that even if attorney's fees could be awarded under the CWA, CUCCo was not a substantial prevailing party, and therefore, can not recover such fees. The district court denied the award of attorney's and expert's fees to CUCCo on May 17, 1999. (Docket No. 152.) The denial order was appealed by the intervenor. (Docket No. 155.)

On February 25, 2000, the First Circuit Court of Appeals, remanded the case to the district court to revisit the specific issue of the intervenor's request for attorney's fees. United States v. Puerto Rico Elec. Power Auth., 204 F.3d 275 (1st Cir. 2000).

> Because the district court provided no explanation for its denial of attorney's fees to CUCCo, it is unclear whether the court decided that CUCCo was not a prevailing party, that fees were not appropriate, that the Clean Water Act did not authorize fees in these circumstances, or any combination of these reasons.
>
> We therefore affirm the entry of the consent decree but remand the case to the district court for the limited purpose of revisiting the issue of CUCCo's request for attorney's fees.

Id. at 283.

On June 8, 2000, CUCCo filed a motion reiterating the request for attorney's fees pursuant to the First Circuit's decision. (Docket No. 175.) After this matter was referred to me on June 21, 2000 (Docket No. 178), both the United States and PREPA submitted oppositions to CUCCo's application for attorney's fees. (Docket Nos. 183, 184.) Finally,

on August 30, 2000, CUCCo replied to United States' and PREPA's opposition, renewing the "prevailing party" argument previously espoused. (Docket No. 194.)

THE CLEAN WATER ACT (CWA), INTERVENORS AND ATTORNEY'S FEES

There are two types of actions that can be brought against persons or organizations that are presumably in violation of the CWA. Under 33 U.S.C. § 1319(b), the Administrator of the Environmental Protection Agency (EPA) is authorized to commence a civil action for violations of the CWA. On the other hand, under 33 U.S.C. § 1365(a), any citizen may initiate a civil action against any person or governmental instrumentality for violations of the CWA, or even against the Administrator of EPA for failure to perform required duties under the CWA. 33 U.S.C. § 1365(a)(1), (2). However, section 1365(b)(1)(B) prohibits the commencement of a citizen action once the Administrator of EPA has initiated its own action against the violator. Nonetheless, that same subsection allows for a citizen to intervene in the government's action against such violator.

This action was brought by the United States pursuant to the authorization given by several environmental statutes to the Administrator of EPA. Specifically, the CWA action was brought under 33 U.S.C. § 1319(b).

Regarding the issue of litigation fees, it is a well settled principle, known as the "American Rule," that unless Congress expressly authorizes courts to shift costs, each party is generally expected to pay his own attorney's fees. Key Tronic v. United States, 511 U.S.

809, 814-15 (1994); Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975). The statute at issue, the CWA, provides a congressional authorization to award attorney's fees to any prevailing party in actions brought under 33 U.S.C. § 1365.[1] The act is silent however regarding the award of such fees in actions brought by the Administrator of EPA under 33 U.S.C. § 1319(b).

The issue on remand is whether an intervenor is allowed to recover attorney's fees under the CWA in an action brought by the United States under section 1319(b). However, if it is determined that an intervenor is allowed to recover attorney's fees under such circumstances, the controversy then shifts to whether CUCCo fulfills the requirement to be considered a "prevailing party" in order to recover such fees.

## ANALYSIS

Whether intervenors are allowed to recover attorney's fees under the CWA has not been uniformly resolved by the federal courts. For example, in United States v. Hooker Chem., 591 F. Supp. 966 (W.D.N.Y. 1984), the court determined that because plaintiffs-intervenors were not prevailing parties it did not need to decide whether the CWA allowed intervenors to recover attorney's fees. Id. at 971. Another court has determined that the CWA does not provide attorney's fees for intervenors in an action brought by the

[1] "The Court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate." 33 U.S.C. § 1365(d) (Supp. 2000).

Administrator of EPA. See United States v. Maine Dep't of Transp., 980 F. Supp. 546, 549-50 (D. Me. 1997). On the other hand, in United States v. City of San Diego, 18 F. Supp.2d 1090 (S.D. Cal. 1998), the court awarded attorney's fees to intervenors under the CWA.

Intervenor CUCCo seeks the award of attorney's fees under the CWA section that provides for attorney's fees in citizens suits. 33 U.S.C. § 1365(d) (Supp. 2000).

Plaintiff-intervenor argues that they intervened in the instant case pursuant to 33 U.S.C. § 1365(b)(1)(B) of the CWA[2] which states that "no action may be commenced—if the Administrator [of the EPA] or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States . . . but in any such action in a court of the United States any citizen may intervene as a matter of right." It is the intervenor's position that since the aforementioned subsection allows for intervention, it has brought an "action" pursuant to section 1365, and therefore is qualified to recover attorney's fees under subsection (d) of the citizens suits provision of the CWA. 33 U.S.C. § 1365. See Docket No. 175, Motion Reiterating Petition For Attorney's Fees Pursuant to the First Circuit's Remand of the Case at 11-13.

PREPA stresses that CUCCo is not and cannot be considered a prevailing party under the CWA since it never commenced an "action" under section 1365 but merely intervened

---

[2] Although there are other acts under which the intervenor could have intervened, I am only considering the intervention under the CWA since it is under such act that the intervenor is claiming the prevailing party status and the right to attorney's and expert's fees.

in a well advanced process initiated by the United States under 33 U.S.C. § 1319(b). Moreover, PREPA contends that CUCCo's intervention does not amount to a "civil action" under section 1365 which could entitle it to recover attorney's fees, but rather is a supplementary lawsuit in the government's action. See Docket No. 149, Motion Requesting Denial of Intervenor's Application for Attorney's Fees and Costs at 7-11.

The United States urges the court to resolve the issue on the alternative ground that even if the CWA allows the award of attorney's fees to an intervenor, CUCCo does not fulfill the definition of a "prevailing party," and therefore is not entitled to such fees. Arguably, since the issue of whether the CWA permits or not the award of attorney's fees to the intervenor is a controversy not clearly decided by the courts, and alternative grounds for deciding the issue exist, this court must refrain from unraveling this question. See Docket 183, Response of United States of America to CUCCo's Motion Reiterating Petition for Attorney's Fees at 9-10.

The legislative history of 33 U.S.C. § 1365(d) is not much help in the process of determining if under the CWA Congress intended or not for citizens suits' intervenors to recover attorney's fees if they are "prevailing parties." Such history is even more silent regarding whether intervenors in actions originally brought by the United States under 33 U.S.C. § 1319(b) are entitled to such award. See Pub. L. No. 92-500, 1972 U.S.C.C.A.N. 3668, 3729-31, 3745-47.

Two district courts have had the opportunity to consider the issue. In United States v. City of San Diego the court analyzed intervenors' "prevailing party" status and considered the reasonableness of their fees request. In that case the court had before it a scenario similar to the one here. In City of San Diego, the government commenced the CWA action, and intervenors petitioned an award for attorney's fees. The court granted intervenors an award of attorney's fees. However, in no part of the decision does the court discuss how it reached the conclusion that parties that intervene in a government initiated action under the CWA, could be entitled to an award of attorney's fees.[3] Since the court in City of San Diego does not offer any explanation for its finding that intervenors can be entitled to recover attorney's fees, that decision is neither controlling nor convincing.

However, in United States v. Maine Dep't of Transp., the District Court of Maine reached an opposite result. Maine Dep't of Transp. and this case also share similar facts. In Maine Dep't of Transp., it was also the government who initiated the action, and it was also the intervenors who requested attorney's fees under the CWA. I find Maine Dep't of Transp.'s full analysis of the controversy convincing on this issue.

---

[3] It seems that the discussion of the issue may have been decided by the court in a previous interlocutory order "finding that section 1365(d) allowed intervening plaintiffs in CWA actions to receive attorney's fees." United States v. City of San Diego, 18 F. Supp.2d at 1096.

First, the court in Maine Dep't of Transp. establishes that under the CWA, a citizens suit, 33 U.S.C. § 1365, and an action brought by the Administrator of EPA under section 1319(b), are two different and distinct actions. United States v. Maine Dep't of Transp., 980 F. Supp. at 551. In noting that the legislative history of the CWA does not aid intervenors' argument for attorney's fees, the court reaffirmed the purposes of the citizens suits provisions of the CWA. Id. at 549, 552. The purpose of granting attorney's fees under the CWA is not to punish defendants who are in violation of the act, but rather to promote citizens to commence an action against such violators, when the government is not efficient in the enforcement of the CWA provisions. Roosevelt Campobello Int'l Park Comm'n v. United States, 711 F.2d 431, 434 (1st Cir. 1983); United States v. Maine Dep't of Transp., 980 F. Supp. at 549. The legislative history of the CWA emphasizes "that if the agency had not initiated abatement proceedings following notice or if the citizen believed efforts initiated by the agency to be inadequate, the citizen might choose to file the action." Pub. L. No. 92-500, 1972 U.S.C.C.A.N. 3668, 3746.

The citizens suit under the CWA is proper only when the government is not being effective in the enforcement of the CWA. Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc., 484 U.S. 49, 60 (1987); North & S. Rivers Watershed Ass'n, Inc., v. Town of Scituate, 949 F.2d 552, 558 (1st Cir. 1991). Also, it is the purpose of the attorney's fees provision of the CWA to encourage citizens to file actions when it is proper to do so. United

States v. Maine Dep't of Transp., 980 F. Supp. at 549. Therefore, if the government is efficiently prosecuting a CWA violation, a citizen suit would not be needed, and it would commensurately be incorrect to award attorney's fees.

There has been no allegation that the United States was improperly prosecuting PREPA for the CWA violations. For this reason, the filing of a citizen suit would have been inappropriate. Since the award of attorney's fees is inexorably attached to the filing of a citizens suit, absent such action in the instant case, "there is no basis for an award of attorney's fees." Id. at 549.

"[A]warding attorney's fees to intervenor-plaintiffs could operate as an additional incentive designed to further citizen participation." United States v. Stone Container Corp., 196 F.3d 1066, 1070 (9th Cir. 1999). However, a plain reading of section 1365, reveals no basis for awarding such fees. The liberal and broad reading that intervenors would like this court to perform clashes with the "American Rule."

CONCLUSION

In view of the above, I recommend that the court again deny Cucco's request for attorney's fees for the reasons set forth. (Docket No. 175.)

Under the provisions of Rule 510.2, Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and

recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Secretary of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 17th day of November, 2000.

JUSTO ARENAS
United States Magistrate Judge

S/C Ugloff
Matos
Cordero
Rosario
Flynn
Cucco
Toledo

NOV 22 2000